**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4665**

───────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

LAMAR KEITH GARVIN,

> Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.    John A. Gibney, Jr., District Judge.  (3:13-cr-00141-JAG-1)

───────────

Submitted:  March 30, 2015          Decided:  April 3, 2015

───────────

Before KING, GREGORY, and DUNCAN, Circuit Judges.

───────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

───────────

Mark Bodner, Fairfax, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Olivia L. Norman, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar Keith Garvin pleaded guilty, without a plea agreement, to attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2012) (Count One); use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2012) (Count Two); three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts Three, Five, and Six); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Four), and conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C. § 1951 (Count Seven).

On appeal, Garvin first challenges the district court's denial of his motion to withdraw his guilty pleas to Counts One and Two, contending that he made a credible assertion of innocence as to these charges and that he was not fully informed of his rights prior to entering his guilty pleas. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). A defendant seeking to withdraw his guilty plea bears the burden of "show[ing] a fair and just reason" for withdrawing the plea. Fed. R. Crim. P. 11(d)(2)(B); Nicholson, 676 F.3d at 383.

In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

2

(1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). While all of these factors should be considered, the key factor is whether the Fed. R. Crim. P. 11 hearing was properly conducted. Nicholson, 676 F.3d at 384.

We have reviewed the record and discern no abuse of discretion in the district court's decision. Garvin has failed to establish that his guilty pleas were not knowing and voluntary. The district court conducted a thorough Rule 11 hearing, ensuring that Garvin understood the charges against him, the rights he was waiving, and the statutory mandatory minimum sentences applicable. Garvin has also failed to credibly assert his innocence of these two charges as the district court discredited his statements that he did not participate in the robbery and that the robbery did not involve a real firearm. Additionally, Garvin had the close assistance of counsel and he waited a considerable amount of time after pleading guilty to file the motion.

3

Next, Garvin argues that the district court erred when it denied his two motions to substitute counsel. We review a district court's ruling on a motion to substitute counsel for abuse of discretion. United States v. Horton, 693 F.3d 463, 466 (4th Cir. 2012). This Court considers three factors on appeal: the "[t]imeliness of the motion; [the] adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

After review, we discern no abuse of discretion. First, these motions were untimely filed. Despite long-standing dissatisfaction with counsel, Garvin waited until the morning of trial to first request new counsel and he filed the second motion only 18 days before sentencing. Next, the district court conducted thorough inquiries into the conflict between Garvin and counsel, addressing Garvin personally and asking counsel about the issues Garvin raised. Counsel advised Garvin on the Government's evidence, including his codefendants' likely testimony; discussed whether Garvin should testify at trial; and addressed defenses Garvin wished to present. We therefore conclude that the district court did not abuse its discretion.

Finally, Garvin argues that the district court erred when it denied his motion to suppress his statements. The Government

4

responds that Garvin waived his right to appeal this issue by entering unconditional guilty pleas. "This court has recognized that, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the direct review of an adverse ruling on a pretrial motion is available only if the defendant expressly preserves that right by entering a conditional guilty plea." United States v. Abramski, 706 F.3d 307, 314 (4th Cir. 2013), aff'd on other grounds, 134 S. Ct. 2259 (2014) (internal quotation marks omitted). "[A]bsent a valid conditional guilty plea, we will dismiss a defendant's appeal from an adverse pretrial ruling on a non-jurisdictional issue." Id. (internal quotation marks omitted). Garvin pleaded guilty without the benefit of a plea agreement and did not seek to preserve his right to appeal the denial of his motion to suppress. Therefore, we conclude he has waived his right to appeal the denial of his motion to suppress.

Accordingly, we dismiss the appeal to the extent Garvin challenges the denial of his motion to suppress and affirm in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5